# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER P. HEIZMAN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civil No. 14-CV-97-W-DGK-P |
| | ) | Crim. No. 08-CR-328-W-DGK-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION CHALLENGING SENTENCE

Pending before the Court is Movant Christopher P. Heizman's ("Heizman") Motion for Post-Conviction Relief Pursuant to 28 U.S.C. § 2255 (Doc. 1) and motion requesting a copy of the sur-response filed by Respondent United States of the America ("the Government") (Doc. 14). For the reasons discussed below, the Section 2255 motion is DENIED but the motion for a copy of the Government's briefing is GRANTED.

### Factual Background and Procedural History[1]

On April 8, 2009, a federal grand jury returned an eight-count superseding indictment charging Heizman on Count One with conspiracy to distribute and possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii); and on Count Eight with carrying a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A).

On October 22, 2010, Heizman entered a plea of guilty on Counts One and Eight of the superseding indictment pursuant to a plea agreement. Under Federal Rule of Criminal Procedure 11(c)(1)(C), Heizman agreed to a 240-month sentence.

---

[1] This factual background and procedural history is largely taken verbatim from Respondent's brief (Doc. 8).

On May 12, 2011, the Court accepted Heizman's plea agreement and sentenced him to a prison term of 180 months on Count One for conspiring to possess with intent to distribute methamphetamine, and to 60 months' imprisonment on Count Eight for being in possession of a firearm during a drug trafficking offense, to be served consecutively, for a total term of 240 months' imprisonment. The Court also imposed five years of supervised release on Count One, and three years on Count Eight, to be served consecutively, for a total term of eight years.

Heizman did not timely file an appeal challenging his conviction and sentence, therefore rendering his conviction final on May 26, 2011. He filed an appeal on June 20, 2013, which the Eighth Circuit dismissed.

On January 21, 2014, Heizman filed the instant motion under 28 U.S.C. § 2255.

**Standard**

In a proceeding brought under 28 U.S.C. § 2255, the district court may "vacate, set aside or correct [a] sentence" that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). The movant is entitled to a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Id.* § 2255(b).

A one-year statute of limitations applies to Section 2255 motions. *Id.* § 2255(f). The one-year limitations period runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

**Discussion**

As an initial matter, Heizman states that he never received a copy of Document 12, the sur-response filed by the Government. Heizman's motion to have this document sent to him is GRANTED. While Heizman will be sent another copy, the Court considers his Section 2255 motion fully briefed and will not consider any sur-reply he files.

Turning to the substance of Heizman's Section 2255 motion, Heizman advances several arguments as to why the Court should modify or vacate his sentence. The Government counters that Heizman's motion was untimely filed and so should be dismissed in its entirety.

The Court first examines whether Section 2255 bars Heizman's claim for untimeliness. If it does, then the Court must assess whether equitable tolling applies to save his motion.

**I.      Heizman filed his motion past the one-year limitations period.**

To determine whether Heizman filed within the one-year limitations period, the Court must determine whether any of the four statutory accrual moments occurred less than one year before Heizman filed the motion on January 21, 2014.

The first relevant date is the date on which the judgment of conviction became final. 28 U.S.C. § 2255(f)(1). Heizman's judgment of conviction became final on May 26, 2011, so that date cannot be the basis for timely filing.

For the second possible accrual date, the Court must determine if the Government impeded Heizman from making a motion, and if so, when such an impediment was removed. *See id.* § 2255(f)(2). Heizman seems to suggest that the prison has prevented him from accessing the prison library by destroying or removing all of the law books (Doc. 1, at 6–7). Heizman does not actually claim that his motion was untimely due to such circumstances, nor does he offer any specific facts to support that claim. Therefore, the Court finds that the Government did not

prevent Heizman from moving under Section 2255 to modify or vacate his sentence. Thus, this ground does not provide a date to measure the limitations period.

The third relevant date for the Section 2255 limitations period is the date on which a new right asserted was initially recognized by the Supreme Court, if the Supreme Court made that right retroactively applicable to cases on collateral review. *Id.* § 2255(f)(3). Heizman argues that his status as career offender should have been subject to the provisions of *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Essentially, *Alleyne* prohibits district courts from increasing the mandatory minimum sentence based on facts not found by the jury. *Alleyne*, 133 S. Ct. at 2155. The sentencing range statute applicable to felon-in-possession convictions increases the mandatory minimum sentence if the court finds that the defendant has three previous convictions involving violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1).

Here, the Court used Section 924(e)(1) to increase Heizman's mandatory minimum sentence, which Heizman argues is a violation of *Alleyne*. However, the holding in *Alleyne* is inapplicable to Heizman's collateral attack on his sentence. New constitutional rules generally do not apply retroactively to cases on collateral review, like this one. *See Tyler v. Cain*, 533 U.S. 656, 662–63 (2001). The Supreme Court has not stated that the *Alleyne* holding applies retroactively to cases on collateral review. Because *Alleyne* was released in 2013, after Heizman's direct appeal became final in 2011, it does not apply to Heizman's case now.

Further, *Alleyne* was based on rules first enunciated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Alleyne*, 133 S. Ct. at 2157–63. The Supreme Court has explicitly held that other rules based on *Apprendi* do not apply retroactively on collateral review, which strongly implies that the *Alleyne* rules should not be applied retroactively either. *See, e.g.*, *Schriro v. Summerlin*, 542 U.S. 348, 358 (2004). Thus, because the Supreme Court was silent on any retroactive

application of *Alleyne*, its decision does not apply to Heizman's Section 2255 motion. *See Ervin v. United States*, No. 13-CV-5103-DGK, 2014 WL 856526, at *5 (W.D. Mo. Mar. 5, 2014); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (Easterbrook, J.); *cf. United States v. Lara-Ruiz*, 721 F.3d 554, 558 (8th Cir. 2013) (retroactively applying *Alleyne* to cases pending on *direct review* at the time the opinion was released).

There are two exceptions to the bar on retroactive application of new rules to Section 2255 cases. First, "the bar does not apply to rules forbidding punishment of certain primary conduct or to rules prohibiting a certain category of punishment for a class of defendants because of their status or offense." *Beard v. Banks*, 542 U.S. 406, 416 (2004) (internal quotation marks and alterations omitted). This exception does not apply because the *Alleyne* rule does not prohibit any sort of punishment, but rather alters the procedures for imposing certain punishment.

The second exception applies to "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceedings." *Id.* at 147. This is a very high bar. *See Whorton v. Bockting*, 594 U.S. 406, 417–18 (2007) (collecting cases and noting that since promulgating the retroactive-application rule, "we have rejected every claim that a new rule satisfied the requirements for watershed status"). Indeed, every time it has considered the issue, the Supreme Court has held that *Apprendi*-based rules are not watershed rules of criminal procedure to be applied retroactively. *See Schriro*, 542 U.S. at 358. Because *Alleyne* is an *Apprendi*-based rule, the Court holds that it is not a watershed rule, and thus does not meet the second exception.

5

Accordingly, the Court holds that *Alleyne* did not create a new rule to be applied retroactively. The third moment of accrual for the Section 2255 limitations period does not apply. *See* 28 U.S.C. § 2255(f)(3).[2]

For the fourth limitations accrual date, Heizman does not argue that new facts have come to light demonstrating his innocence, so that possibility is not a factor. *See id.* § 2255(f)(4).

The only relevant time period is the date Heizman's conviction became final, on May 26, 2011. Because he did not file his Section 2255 motion by May 26, 2012, the motion is untimely.

## II. Equitable tolling does not apply.

Although the Court holds Heizman's motion is untimely, the Court will construe his arguments as a request to apply equitable tolling to his motion. Under the doctrine of equitable tolling, the district court may entertain an untimely Section 2255 motion under exceptional circumstances. *United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005). Equitable tolling is appropriate where: (1) "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time;" or (2) "when conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). A petitioner must have demonstrated "diligence in pursuing the matter." *Martin*, 408 F.3d at 1095. The petitioner bears the burden of demonstrating that equitable tolling is warranted. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

As explained above, Heizman does not allege that the Government has lulled him into inaction. Thus, the first question is whether extraordinary circumstances beyond Heizman's control precluded him from filing his motion. Heizman suggests that his attorney played some role in his missing the filing deadline. Ineffective assistance of counsel generally does not

---

[2] Heizman also argues that the Court failed to retroactively apply the holding of *Begay v. United States*, 553 U.S. 137 (2008). However, the Supreme Court released *Begay* in 2008, well before Heizman's sentencing. Thus, the 28 U.S.C. § 2255(f)(3) date for *Begay* is 2008, which still does not make Heizman's motion timely.

6

warrant equitable tolling. *Martin*, 408 F.3d at 1093. The exception would be for serious attorney misconduct, such as when a petitioner is actively misled by an attorney over a sustained period of time. *See id.* at 1093–94.

Here, Heizman presents no extraordinary circumstances to excuse his dilatory conduct. Although he generally alleges his counsel failed to inform him of the filing requirements for Section 2255 motions, that alone does not rise to the level of serious attorney misconduct necessary to equitably toll the limitations period. *See Kreutzer*, 231 F.3d at 463 ("[C]ounsel's failure to recognize the importance of the one-year statute of limitations . . . does not necessarily invoke the equitable tolling doctrine.").

Even if extraordinary circumstances did exist, Heizman has not shown that he continued to diligently pursue this attack on his sentence. Rather, many of the arguments he makes could have been made years ago. For example, Heizman claims that he did not realize what rights he was waiving in his plea agreement, but his plea agreement was filed on October 22, 2010. The Court thus finds that Heizman did not diligently pursue his claims as required for equitable tolling.

Finally, Heizman seems to argue that the Eighth Circuit granted him permission to file his Section 2255 motion out of time (Doc. 10, at 1 ("[P]rior to this filing the Court of Appeals[] granted relief to the Petitioner . . . .")). Heizman did appeal, untimely, his case to the Eighth Circuit on June 20, 2013. However, Heizman's appellate counsel moved to withdraw, and the Eighth Circuit granted the motion and dismissed the case as moot. *United States v. Heizman*, No. 13-2347 (8th Cir. Nov. 18, 2013). After carefully reviewing the entire docket in Heizman's direct appeal, the Court does not find any indication that the Eighth Circuit has sanctioned Heizman's late Section 2255 motion.

Accordingly, the Court declines to apply equitable tolling to Heizman's motion.

### III. No evidentiary hearing is required.

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States,* 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Id.* (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)); *see also Sanders v. United States,* 347 F.3d 720, 721 (8th Cir. 2003) (holding a Section 2255 motion may be dismissed without a hearing if the petitioner's allegations, accepted as true, would not entitle him to relief).

As discussed above, Heizman's claims are facially inadequate and thus do not entitle him to relief. Consequently, no evidentiary hearing is required or will be held.

### IV. No certificate of appealability shall issue.

Because the Court will enter a final order adverse to Heizman, it must grant or deny a certificate of appealability. *See* Rule 11(a), Rules Governing Section 2255 Proceedings. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claims "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). Because no reasonable jurist would grant this motion, the Court denies a certificate of appealability. *See* 28 U.S.C. § 2255.

**Conclusion**

For the reasons discussed herein, Heizman's Section 2255 motion is untimely. Accordingly, that motion (Doc. 1) is DENIED. A hearing is not warranted because the record conclusively shows that Heizman is not entitled to any relief. Finally, a certificate of appealability shall not issue.

Heizman's motion (Doc. 14) requesting a copy of the Government's sur-response is GRANTED. The Clerk of the Court shall mail Heizman a copy of Document 12 along with a copy of this Order.

**IT IS SO ORDERED.**

    /s/ Greg Kays  
GREG KAYS, CHIEF JUDGE  
UNITED STATES DISTRICT JUDGE

Dated: August 11, 2014